# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

CALVIN DEAN PETERS,

      Petitioner,

v.                                                            No. CV 11-0963 JP/LAM

JAMES LOPEZ,

      Respondent.

## MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R.4, on Petitioner's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus. For the reasons below, the Court will transfer the petition to the United States Court of Appeals for the Tenth Circuit as a second or successive petition.

      As Petitioner concedes at page 14 of his petition, he has previously filed a § 2254 petition, *see Peters v. LeMaster*, No. CV 01-0114 MV/RLP, attacking the same conviction that is the subject of this proceeding. The Court dismissed the earlier petition (No. CV 01-0114 MV/RLP, Doc. 31) as barred by the limitations period applicable to § 2254 petitions. Denial of a § 2254 petition "as time-barred . . . is on the merits, and a subsequent habeas petition challenging the same conviction is second or successive." *McDowell v. Zavaras*, 417 F. App'x 755, 757 (10th Cir. 2011) (citing *Quezada v. Smith*, 624 F.3d 514, 519-20 (2d Cir. 2010). The instant petition, therefore, is a second or successive petition, and the provisions of § 2244(b)(3) preclude this Court's adjudication of Petitioner's claims unless the Court of Appeals issues an order authorizing the filing.

      "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or

petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court of Appeals for the Tenth Circuit has noted several factors that should be considered in determining whether to transfer or dismiss a petition. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006). The first of these factors is whether Petitioner's petition would be time-barred at this point. *See Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). This factor applies primarily where a first petition is filed in the wrong court and, if dismissed, may be time-barred before the litigant can file in the proper court. *See Haugh*, 210 F.3d at 1150 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999); *see also Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam)). On the possibility that little time remains for Petitioner's "newly discovered factual predicate" claim, this factor may favor transfer over dismissal.

Another factor is whether Petitioner's claims "are likely to have merit." *Id.* No opinion is expressed or implied herein as to whether Petitioner may prevail on his claims, but his allegations appear to survive preliminary scrutiny under 28 U.S.C. § 2254 R.4. Third, and for this same reason, the Court has no basis to conclude that the petition is not filed in good faith. *See Trujillo*, 465 F.3d at 1223 n. 16; *Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996). Consideration of the *Trujillo* factors weighs in favor of transfer rather than dismissal, and in the interest of justice, *see* 28 U.S.C. § 1631, the Court will transfer Petitioner's petition to the United States Court of Appeals for the Tenth Circuit.

IT IS THEREFORE ORDERED that the Clerk is directed to transfer this proceeding to the United States Court of Appeals for the Tenth Circuit.

*/s/ James A. Parker*
UNITED STATES DISTRICT JUDGE